UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bidye M., | Civ. No. 25-4791 (PAM/EMB) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Kandiyohi County Jail and United States of America, | |
| Respondents. | |

This matter is before the Court on Petitioner Bidye M.'s pro se Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner Bidye M. is a citizen of Cameroon. (Decl. of Angela Minner ("Minner Decl.") (Docket No. 8) ¶ 4.) On July 25, 2022, he entered the United States without inspection, and United States Border Patrol apprehended and arrested him in California. (Id.) Petitioner claimed fear to return to Cameroon, so Border Patrol referred Petitioner's case to the United States Citizen and Immigration Services ("USCIS") to conduct a Credible Fear interview and turned Petitioner over to United States Immigration and Customs Enforcement ("ICE") to detain him and for further removal proceedings. (Id. ¶ 5; id. Ex. A.) On September 22, 2022, USCIS asylum officers served him with a Form I-862 Notice to Appear, charging him as removable under Immigration and Nationality Act

("INA") §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I).  (Id. ¶ 6; id. Ex. B.)  On October 25, 2022, ICE released Petitioner on an Order of Recognizance.  (Id. ¶ 7.)

Officers from the Duluth, Minnesota Police Department arrested Petitioner on July 11, 2025, for Domestic Assault-Inflict Bodily Harm, and that charge remains pending.  (Id. ¶ 8.)  On July 21, 2025, when Petitioner was released from the St. Louis County Jail, ICE took him into custody for continuation of removal proceedings.  (Id. ¶ 9; id. Ex. C.)  On October 20, 2025, an immigration judge ordered Petitioner removed from the United States to Cameroon.  (Id. ¶ 10; id. Ex. D.)  Petitioner's Notice of Appeal remains pending with the Board of Immigration Appeals, so the removal order is not administratively final.  (Pet. at 7; Minner Decl. ¶ 11.)  Petitioner also has a pending asylum application.  (Minner Decl. Ex. C at 2–3.)  He remains in ICE custody.

**DISCUSSION**

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, asking the Court to order his immediate release or grant him an individualized bond hearing under 8 U.S.C. § 1226(a).  Respondents contend that his detention is mandatory pending removal proceedings under § 1225(b)(2).  The Court must therefore decide whether § 1225(b)(2) or § 1225(a) governs Petitioner's detention.

Relevant here, the Immigration and Nationality Act ("INA") creates a framework that controls the regulation of aliens, including their civil detention pending removal. Before 1996, the INA focused on the alien's physical entry into the country.  In 1996, Congress enacted the Illegal Immigration Reform and Immigration Responsibility Act ("IIRIRA"), which amended the INA's framework to center on whether an alien has been

2

lawfully admitted.  See Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 223 (BIA 2025). Thus, under the new framework, "applicants for admission" defines both aliens at the border and any alien "present in the United States" without lawful authorization.  See 8 U.S.C. § 1225(a).  "Now, in removal proceedings, the relevant distinction for procedural purposes is whether the immigrant has been lawfully admitted, regardless of actual physical presence."  Torres v. Barr, 976 F.3d 918, 928 (9th Cir. 2020).  Put differently, the IIRIRA undid the backwards requirement that aliens who presented at a port of entry had to be detained, while those who entered illegally without trying to prove their basis for admission to the country were not detained.

"When interpreting a statute, [courts] begin with the statute's plain language, giving words the meaning that proper grammar and usage would assign them. If the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end."  United States v. Lester, 92 F.4th 740, 742 (8th Cir. 2024) (cleaned up).  Section 1225 dictates that "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . . ) shall be deemed for purposes of this chapter an applicant for admission."  8 U.S.C. § 1225(a)(1).

There is no dispute that Petitioner is an alien present in the United States.  See id. And the facts are clear that he did not lawfully enter the United States, i.e., an immigration officer did not inspect him and authorize his entry.  Id. § 1101(a)(13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.").

3

Section 1225 instructs that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." Id. § 1225(b)(2)(A). The plain reading of the text is that detention is mandatory. Other courts disagree with this reading, making distinctions based on the length of an alien's presence in the United States, an alien's efforts to secure lawful status here, or where an alien was apprehended. Such limitations are not found in the statute. "What governs this case is the text of the statute, not what other district courts have concluded." Mejia Olalde v. Noem, No. 1:25-CV-00168-JMD, 2025 WL 3131942, at *1 (E.D. Mo. Nov. 10, 2025).

Respondents may lawfully detain Petitioner under § 1225(b)(2), which requires detention. Thus, as a matter of law, Petitioner is not entitled to a bond hearing or release.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and

2. This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 16, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge